**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------×
RAJESH SHARMA,

          *Plaintiff,*

    *v.*

THEATRE DEVELOPMENT FUND, INC.,

          *Defendant.*
-----------------------------------------------------------------------×

Docket No. 17-cv-00189

**COMPLAINT**

    Plaintiff Rajesh Sharma, by his counsel, Young & Ma LLP and the Harman Firm, alleges for his Complaint against Defendant Theatre Development Fund, Inc., as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Rajesh Sharma ("Plaintiff" or "Mr. Sharma") seeks damages and costs against Defendant Theatre Development Fund, Inc. ("Defendant" or "TDF") for discriminating against him based on his race by, among other things, subjecting him to a hostile work environment and ultimately terminating his employment, in violation of § 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981.

2. Plaintiff also seeks damages and costs against Defendant for discriminating against him based on his race, age, and national origin by, among other things, subjecting him to a hostile work environment and ultimately terminating his employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-101 *et seq.*

3. Plaintiff also seeks damages and costs against Defendant for retaliating against him for his complaints of discrimination by subjecting him to further discrimination and harassment and ultimately terminating his employment, in violation of Section 1981, Title VII, ADEA, NYSHRL and the NYCHRL.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendant violated Plaintiff's rights under Section 1981, Title VII and ADEA.

5. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 23, 2016.

6. The EEOC mailed a Right to Sue Letter on October 13, 2016 which was received by Plaintiff's counsel on October 20, 2016.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims, as they are so related to the Section 1981, Title VII and ADEA claims that they form part of the same case or controversy.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

9. Plaintiff, at all times relevant hereto, was and is a resident of Queens County in the State of New York.

10. Upon information and belief, at all times relevant hereto, Defendant was and is a not-for-profit corporation organized under the laws of the State of New York with offices located at 1501 Broadway, New York, New York 10036.

## STATEMENT OF FACTS

11. Mr. Sharma is an Indian-American man who immigrated to the United States over thirty (30) years ago.

12. Mr. Sharma is currently fifty-three (53) years of age.

13. In and around March 2003, TDF hired Mr. Sharma as a Ticket Seller.

14. Mr. Sharma has over sixteen (16) years of experience in ticket sales, including experience at Madison Square Garden.

15. At TDF, Mr. Sharma's job duties involved selling tickets to Broadway and off-Broadway plays at TDF's South Street Seaport and Times Square ticket booth locations.

16. Through his thirteen (13) years' employment at TDF, Mr. Sharma was an excellent, dedicated employee who consistently fulfilled his job responsibilities and maintained an outstanding sales record.

17. Of the approximately fifteen (15) Ticket Sellers typically employed by TDF, Mr. Sharma consistently had the highest number of sales, typically selling between two hundred and fifty (250) and three hundred (300) tickets in a day.

18. TDF subjected Mr. Sharma to discrimination based on his race and national origin throughout his employment. In his last years of employment, Mr. Sharma was subject to age discrimination.

19. Mr. Sharma was the only Indian employee and the only employee of foreign national origin in his department throughout his tenure at TDF.

20. William Castellano, Mr. Sharma's direct supervisor and TDF's Head Treasurer, openly harassed and discriminated against Mr. Sharma from the beginning of Mr. Sharma's employment with TDF.

21. For example, Mr. Castellano frequently referred to Mr. Sharma using racial and ethnic slurs, including "dot-head" (an insulting reference to the Hindu tradition of wearing a bindi) and "Slurpie" (an allusion to racist stereotypes about Indian individuals owning convenience stores) in front of TDF employees and management.

22. After witnessing Mr. Castellano's unrebuked harassment of Mr. Sharma, another TDF Manager, John Sheehan, also began to regularly refer to Mr. Sharma with racial and ethnic slurs such as "camel jockey."

23. TDF never took any action to correct the open discrimination and harassment.

24. Younger, white employees were allowed to take vacations at the time of their choosing, while TDF regularly discouraged or forbade Mr. Sharma from taking vacation time.

25. For example, Mr. Sharma requested time off during the week of March 27 for his wife's birthday.

26. Mr. Castellano refused Mr. Sharma's request, telling him he would have to take time off the following month instead, but allowed younger, white employees to take time off to spend time with their families whenever they requested it.

27. When Mr. Sharma asked Mr. Castellano directly why he was the only employee whose vacation requests were treated in this manner, Mr. Castellano responded only, "Because I say so."

28. Younger white employees were treated more leniently than Mr. Sharma.

29. Younger white employees were allowed to take longer breaks and take personal phone calls at work, while Mr. Sharma would be reprimanded for doing so.

30. TDF regularly required only Mr. Sharma to stay late, telling him that other (younger, white) employees could not, as they had longer commutes.

31. Yet Mr. Sharma's commute was, in fact, approximately as long as those of other employees.

32. During snowstorms, TDF would provide hotel rooms for its employees when weather conditions made their commutes too dangerous or time-consuming.

33. However, TDF refused to provide Mr. Sharma with a hotel room during these weather emergencies.

34. When Mr. Sharma complained about the unequal treatment, TDF again told him that it was because other employees "lived farther away"—even though, as noted above, Mr. Sharma did not actually live any closer to TDF's Manhattan locations than many of these younger, white employees.

35. Despite Mr. Sharma's excellent employment record at TDF and his thirteen (13) years of service, TDF never promoted him.

36. However, younger, white Ticket Sellers with inferior sales records and significantly less seniority consistently received promotions.

37. For instance, a white male employee Charles Stuiss who was in his 30's in age at the beginning of his employment with TDF, started working at TDF two (2) years after Mr. Sharma did.

38. TDF promoted this employee to Supervisor in 2012, while Mr. Sharma was never promoted, despite his superior job performance and higher sales.

39. When Mr. Sharma requested a promotion, he was told, "Upstairs [TDF management] only wants to hire women."

40. When Mr. Sharma later referred his wife, who is also of Indian ethnicity, for a job at TDF, he was told that TDF could not consider her for employment at TDF because TDF had "a policy against married couples working together."

41. However, shortly after this incident, TDF hired a white employee's husband, Peter Palmeri, to work in the same department.

42. TDF told Mr. Sharma explicitly that TDF "only wanted to hire younger people." These individuals included Ann Ramirez, Shirley Martigneti and Craig Hennenger.

43. Mr. Sharma complained repeatedly to TDF management via William Castellano about the ongoing discrimination and harassment, yet the situation was never addressed; in fact, TDF's discrimination against Mr. Sharma grew even worse in retaliation for his complaints.

44. On August 31, 2015, TDF summarily terminated Mr. Sharma's employment without explanation.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Hostile Work Environment in Violation of Section 1981

45. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 44 with the same force as though separately alleged herein.

46. Section 1981 prohibits employers from discriminating against an employee on the basis of race.

47. Defendant discriminated against Plaintiff by subjecting him to hostile, discriminatory treatment and offensive, racially motivated comments.

48. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

49. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of Section 1981

50. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 49 with the same force as though separately alleged herein.

51. Section 1981 prohibits employers from discriminating against an employee on the basis of race.

52. Defendant unlawfully terminated Plaintiff because of his race.

53. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

54. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### THIRD CAUSE OF ACTION
### Retaliation in Violation of Section 1981

55. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 54 with the same force as though separately alleged herein.

56. Section 1981 prohibits employers from retaliating against an employee for making a complaint of racial discrimination.

57. Plaintiff properly complained to Defendant about racial discriminators' comments and conduct.

58. Defendant retaliated against Plaintiff by subjecting him to further discrimination and harassment, refusing to reprimand the discriminatory behavior, and ultimately terminating his employment.

59. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

60. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## FOURTH CAUSE OF ACTION
### Race/National Origin Discrimination in Violation of Title VII

61. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 60 with the same force as though separately alleged herein.

62. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., for relief based upon the unlawful employment practices of the above-named Defendant.

63. Defendant was and is an employer within the meaning of Title VII.

64. At all times relevant to this case, Plaintiff was and in an Indian-American man over the age of 40 and is a member of protected classes within the meaning of Title VII.

65. At all times, Defendant was aware of Plaintiff's race, national origin and age.

66. Defendant engaged in unlawful employment practices prohibited by Title VII because of Plaintiff's race, national origin and age in the manner described in the Statement of Facts.

67. Ultimately Defendant terminated Plaintiff due to his race, national origin, and/or his age.

68. As a direct and proximate result of Defendant's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, loss of salary, and continued advancement in his career after many years of work with Defendant. Plaintiff will also have suffered future pecuniary losses, attorneys fees and costs, emotional pain and suffering, inconvenience and other non-pecuniary losses.

69. As a further direct and proximate result of Defendant's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and

damage to Plaintiff's good name and reputation, emotional distress, mental anguish and lasting embarrassment and humiliation.

70. Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to bay pay, front pay, punitive damages, reasonable attorney's fees, emotional distress damages and compensatory damages from Defendant under Title VII.

## FIFTH CAUSE OF ACTION
### Age Discrimination in Violation of ADEA

71. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 70 with the same force as though separately alleged herein.

72. At all relevant times, Plaintiff was an "employee" under the ADEA, 29 U.S.C. § 621, *et seq.*

73. At all relevant times, Defendant is an "employer" under the ADEA, 29 U.S.C. § 630(b).

74. Based on the actions detailed above in the Statement of Facts, Defendant has unlawfully discriminated against Plaintiff on the basis of age in violation of the ADEA.

75. By reason of the foregoing, Plaintiff suffered damages, including emotional pain and mental anguish, in an amount to be determined at trial.

76. Upon information and belief, Defendant's conduct was willful, entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. § 626(b).

## SIXTH CAUSE OF ACTION
### Race, National Origin and Age Discrimination in Violation of NYSHRL

77. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 76 with the same force as though separately alleged herein.

78. This claim is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

79. At all relevant times, Defendant was and is an employer within the meaning of the NYSHRL.

80. At all relevant times, Plaintiff was and is an employee within the meaning of the NYSHRL.

81. At all times relevant to this case, Plaintiff was and in an Indian-American man over the age of 40 and is a member of protected classes within the meaning of NYSHRL.

82. At all times, Defendant was aware of Plaintiff's race, national origin and age.

83. Defendant engaged in unlawful employment practices prohibited by NYSHRL because of Plaintiff's race, national origin and age in the manner described in the Statement of Facts.

84. Ultimately Defendant terminated Plaintiff due to his race, national origin, and/or his age.

85. Defendant's conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of race, national origin, and age, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

86. Defendant is also individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e.g., NYSHRL § 296(1) and § 296(6).

87. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

88. Plaintiff's damages include financial loss, loss of employment opportunities, damage to her career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment opportunities.

89. Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants' under the NYSHRL.

## SEVENTH CAUSE OF ACTION
### Race, National Origin and Age Discrimination in Violation of NYCHRL

90. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 89 with the same force as though separately alleged herein.

91. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

92. At all relevant times, Defendant was and is an employer and person within the meaning of the NYCHRL.

93. At all relevant times herein, Plaintiff was and is an employee and person within the meaning of the NYCHRL.

94. At all times relevant to this case, Plaintiff was and in an Indian-American man over the age of 40 and is a member of protected classes within the meaning of NYCHRL.

95. At all times, Defendant was aware of Plaintiff's race, national origin and age.

96. Defendant engaged in unlawful employment practices prohibited by NYSHRL because of Plaintiff's race, national origin and age in the manner described in the Statement of Facts.

97. Defendant engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

98. Defendant's conduct, as alleged herein, were carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

99. Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

100. As a direct and proximate result of Defendant's unlawful and willful conduct, Plaintiff has suffered and continue to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; (v) lost bonuses; and (vi) attorneys' fees and costs.

101. As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continue to suffer, among other items, impairment and damage to Plaintiffs' good name and reputation, emotional distress, mental anguish, emotional pain and suffering, and lasting embarrassment and humiliation.

102. Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## EIGHTH CAUSE OF ACTION
### Retaliation in Violation of Title VII, ADEA, NYSHRL, and NYCHRL

103. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through _ with the same force as though separately alleged herein.

104. Title VII, ADEA, NYSHRL, and NYCHRL prohibits employers from retaliating against an employee for making a complaint of race, national origin and/or age discrimination.

105. Plaintiff properly complained to Defendant about racial, national origin and age discrimination comments and conduct.

106. Defendant retaliated against Plaintiff by subjecting him to further discrimination and harassment, refusing to reprimand or correct the discriminatory behavior, and ultimately terminating his employment.

107. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

108. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's federally, state and city protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## JURY DEMAND

109.   Plaintiff demands a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.   Issue a declaratory judgment declaring that the actions of the Defendant, as set forth in this Complaint, violated Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. §1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., the New York State Human Rights Law, N.Y. Exec. Law. § 290 et seq.; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.;

B.   Enjoin and restrain the Defendant and all persons acting on their behalf, or in concert with it, from engaging in such unlawful discriminatory and retaliatory practices;

C.   Reinstatement of Plaintiff's employment;

D.   Enter judgment in favor of the Plaintiff, and against the Defendant, for back pay, front pay, and lost benefits in the amount of the wages it is determined that the Plaintiff lost as a result of the Defendants' unlawful and discriminatory conduct, together with interest;

E.   Enter judgment in favor of the Plaintiff, and against the Defendant for compensatory damages, including but not limited to, damages for Plaintiff's mental anguish, humiliation, lack of self-respect, and pain and suffering, together with interest;

F.   Award the Plaintiff punitive damages;

G.      Award the Plaintiff reasonable attorneys' fees, together with the costs of this action;

H.      Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of the Plaintiff's rights under the laws cited herein, to prevent their recurrence in the future and to protect other employees from such unlawful behavior; and

I.      Such other and further relief as the court deems appropriate to be determined at trial.

Dated:      New York, New York
January 10, 2017

By: _____
Tiffany Ma, Esq.
Young & Ma LLP
575 Lexington Avenue, 4th Floor
New York, NY 10022
T: (212) 971-9773
F: (212) 600-2301
tma@youngandma.com

*Co-Counsel for Plaintiff Rajesh Sharma*

By: _____
Walker G. Harman, Jr., Esq.   TM
Edgar M. Rivera, Esq.
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Co-Counsel for Plaintiff Rajesh Sharma*